IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| William Morgan Fussell,<br><br>        Plaintiff,<br><br>   v.<br><br>AMCO Insurance Company, a corporation,<br><br>        Defendant.* | 2:11-cv-02766-GEB-EFB<br><br>STATUS (PRETRIAL SCHEDULING) ORDER |

The status (pretrial scheduling) conference scheduled for hearing on February 13, 2012, is vacated since the parties' Joint Status Report filed on January 30, 2012 ("JSR") indicates the following Order should issue.

### SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT

No further service, joinder of parties or amendments to pleadings is permitted, except with leave of Court for good cause shown.

### DISCOVERY

All discovery shall be completed by September 5, 2012. In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate orders, if necessary, and, where discovery has been ordered, the order has been complied with

---

     * The caption has been amended since the parties state in the JSR that "the Court should dismiss Does 1 through 20." (ECF No. 7, 6:15.)

1

or, alternatively, the time allowed for such compliance shall have expired.

Each party shall comply with Federal Rule of Civil Procedure 26(a)(2)(B) and (C)'s initial expert witness disclosure requirements on or before March 2, 2012, and any contradictory and/or rebuttal expert disclosure authorized under Rule 26(a)(2)(D)(ii) on or before April 3, 2012.

## MOTION HEARING SCHEDULE

The last hearing date for a motion is November 5, 2012, commencing at 9:00 a.m.[1] A motion shall be briefed as prescribed in Local Rule 230.

The parties are cautioned that an untimely motion characterized as a motion in limine may be summarily denied. A motion in limine addresses the admissibility of evidence.

## FINAL PRETRIAL CONFERENCE

The final pretrial conference is set for January 7, 2013, at 2:30 p.m. The parties are cautioned that the lead attorney who WILL TRY THE CASE for each party shall attend the final pretrial conference. In addition, all persons representing themselves and appearing in propria persona must attend the pretrial conference.

The parties are warned that **non-trial worthy issues could be eliminated *sua sponte*** "[i]f the pretrial conference discloses that no material facts are in dispute and that the undisputed facts entitle one of the parties to judgment as a matter of law." Portsmouth Square v. S'holders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).

---

[1] This time deadline does not apply to motions for continuances, temporary restraining orders, emergency applications, or motions under Rule 16(e) of the Federal Rules of Civil Procedure.

The parties shall file a **JOINT** pretrial statement no later than seven (7) calendar days prior to the final pretrial conference. The joint pretrial statement shall specify the issues for trial, including a description of each theory of liability and affirmative defense, and shall estimate the length of the trial.[2] The Court uses the parties' joint pretrial statement to prepare its final pretrial order and could issue the final pretrial order without holding the scheduled final pretrial conference. See <u>Mizwicki v. Helwig</u>, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no requirement that the court hold a pretrial conference.").

If feasible, at the time of filing the joint pretrial statement counsel shall also email it in a format compatible with WordPerfect to: geborders@caed.uscourts.gov.

<u>TRIAL SETTING</u>

Trial shall commence at 9:00 a.m. on April 9, 2013.

IT IS SO ORDERED.

Dated:   February 7, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[2] If a trial by jury has been preserved, the joint pretrial statement shall also state how much time each party desires for voir dire, opening statements, and closing arguments.